## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHARLES KISER, Individually and CHRISTIAN MCCLAIN, Individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AIR METHODS CORPORATION, and ROCKY MOUNTAIN HOLDINGS, LLC,<br><br>Defendants. | Case No. _____ |

## CLASS ACTION COMPLAINT

1.      Plaintiffs bring this action individually and on behalf of a class of others similarly situated,[1] against Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC. In this case, the Court must address the intersection of the Airline Deregulation Act of 1976's ("ADA") preemption provision, 49 U.S.C. §41713(b)(1), and Defendants' efforts to charge and collect for emergency helicopter air ambulance transports. Plaintiffs and the Class are patients, the parents of minors transported, and representatives of the estates of deceased patients, transported by Defendants in emergent situations where there was no prearranged contractual relationship with respect to the transport.

## INTRODUCTION

2.      Plaintiffs bring this proposed class action on behalf of themselves and all others similarly situated, charged by Defendants for the transportation of patients by air ambulance. For

---

[1] For simplicity, rather than reciting "and the Class" each time Plaintiffs are mentioned, this pleading will refer to "Plaintiffs." Such usage includes the class that Plaintiffs seek to represent.

individuals like Plaintiffs, first responders or medical personnel determine whether a patient needs emergency helicopter transport, contact the Defendants and arrange for the emergency transportation. The need for emergency transportation is acute in every instance. The transported patient does not engage in any negotiation with Defendants. and the transportation is not a voluntary undertaking by the patent, but rather under the duress of life-threatening or other serious medical conditions requiring immediate treatment at a hospital. Given the dire circumstances, express or informed consent or negotiation of essential terms does not occur. The patients are frequently unconscious, and in all instances incapable of giving meaningful express or informed consent, or otherwise voluntarily assenting to the transportation by the Defendants.

3.      This case is brought on behalf of patients transported under emergent medical circumstances. By virtue of the circumstances, no contractual relationship is formed prior to transport, the Plaintiffs' medical condition is emergent, and, though they know the expected charges, Defendants do not disclose the amounts they intend to charge for such transportation. Plaintiffs have no enforceable legal obligation to pay the Defendants the price charged for services, and one may not be imposed them by state law by virtue of the ADA pre-emption: "[A] state ... may not enact or enforce a law, regulation, or other provision having the forced and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."

4.      Defendants bill Plaintiffs amounts that vastly exceed both the cost to provide the transport and the fair market value of the transport. Defendants' own executives admitted in a television interview that the "fair charge" for Defendants' services would be, on average, around $12,000, but Defendants charge four times that amount and more, with the average charged around $50,000, more than four times the "fair charge."

5.      Defendants seek to enter into network agreements with health care insurers and other third-party payors (hereinafter collectively "third-party payors") to assure payment for their emergency air transportation charges. Under these network agreements, third-party payors agree to pay negotiated amounts, and Defendants agree not to balance bill the insured patient for any amount over the network-negotiated amount, i.e., the network negotiated amount. To enhance their negotiating position with those third-party payors network, Defendants use the threat of crushing medical charges imposed on the "out-of-network" insureds in order to leverage more favorable terms from the network. Defendants refuse to reduce their charged amounts to out of network patients in order to preserve their negotiation leverage.

6.      Absent a network agreement, Defendants seek payment from third-party payors. These payors generally are only obligated to pay for reasonable charges for necessary medical expenses. Nevertheless, Defendants seek payment from third party payors for the entire amount they charge with the similar threat that if the payors to not reimburse the full charged amount, they will proceed against their insureds irrespective of the reasonableness of the charged amounts. Defendants "balance bill" for all unreimbursed amounts even though the charged amounts were never agreed to and already found to be unreasonable through the regular insurance coverage system. Because the third-party payors only pay the reasonable amount for Defendants' services, Defendants seek to collect the difference through balance billing the Plaintiffs.

7.      Defendants' respond to first responder requests for emergency air transportation for critically injured patients. Defendants transport the patients but do not negotiate any agreement with the critically injured/ill patients for the costs of this transportation. A critically injured or ill patient cannot voluntarily contract. Nor do the Defendants inform the patient of the cost that will be charged by Defendants for their transportation service before those services are provided.

Rather, Defendants send their bill to the third-party payor and then balance bill the patient once that payor has made its coverage determination, and if no coverage, Defendants bill the patient for the entire amount.

8.      As is customary in healthcare, patients routinely assign their insurance benefits to the healthcare provider so the provider may file claims with third party insurers to obtain payment benefits. Defendants use the assignment to file claims directly with third-party payors to obtain payment asserting that their services were for necessary, emergency medical transportation. The third-party payors make coverage determinations and issue an Explanation of Benefits detailing the charged amounts and the reasons for their coverage determinations. This is followed by an appeal process which Defendants may, and frequently do initiate.

9.      As part of their predatory scheme, Defendants, seek to have Plaintiffs sign Assignment of Benefits (AB) and Authorization and Consent (A&C) prepared by Defendants without negotiation or modification. These forms do not disclose the prices Defendants charge for their services, which in fact the Defendants never disclose, and seek to bind Plaintiffs to pay whatever Defendants charge irrespective of the reasonableness of the charged amounts. These documents are not voluntary agreements, do not disclose any price terms and are unenforceable.

10.     In all cases of the Plaintiffs, the third-party payors determined that the Defendants services were for emergent and medically necessary, but that the amounts charged by Defendants were unreasonable, and pay an amount determined to be reasonable. Defendants enlist the assistance of the Plaintiffs in the process and provides form documents for the Plaintiffs to sign and transmit to their third-party insurers.

11.     However, where the Plaintiffs' insurers or third-party payors do not have network agreements with the Defendants and reimburse only the reasonable amount for the Defendants'

services, Defendants "balance bill" the Plaintiffs the difference between third party payor reimbursement, and Defendants' charged amount. The balance billing process also initiates collection efforts, including dunning letters, telephone calls seeking payment, threats to turn the bills over to collection agencies, coercing payment plans, imposing medical liens against third party recovery, turning the unpaid amounts over to collection agencies, making claims against the estates of deceased patients, imposes cost of collection, attorney's fees and interest on unpaid amounts, and, in some instances, filing state-court breach of contract claims and other suits against patients.

12.     The Defendants' charges are so exorbitant that almost no third-party payor pays them in full, frequently leaving a staggering amount to be balance billed. Because the Defendants' balance bills are so high, frequently in the tens of thousands of dollars, the almost no Plaintiffs can pay them and Defendants' actual collection rates for these receivables are less than 10%. However, the shock of the amount owed and Defendants' strain on patients already facing severe health issues.

13.     After appeals for third-party payment are exhausted, Defendants proceed with collection efforts against the Plaintiffs.

14.     Upon information and belief Defendants engage in this practice to:

     a.  increase the economic pain on the Plaintiffs so as to give themselves leverage against third party payors in appealing reimbursement rates;

     b.  threaten Plaintiffs with harsh collection efforts to coerce them into negotiated payment plans; and

     c.  to gain negotiating leverage in obtaining terms more favorable to them in network agreements with third party payors.

15.    Defendants' billing practices as stated are predatory, unconscionable, and intended to inflict severe economic pain on critically injured Plaintiffs solely for the benefit of the Defendants. Essentially a "your money or your life" scheme.

16.    When a patient contests the reasonableness of the charges, Defendants assert that the ADA vests them with plenary power to set whatever price they choose for transportation of patients in extremis who have no ability to assent voluntarily to the transportation, or to pay the exorbitant amounts Defendants charge. Behind the shield of the ADA preemption provision Defendants claim the unfettered right to charge any amount without the constraint of reasonableness, and this Court, and all other courts, can only act as collection agencies for their charged amounts.

17.    The ADA, 49 U.S.C. § 41713(b) (1) provides:

> [A] State, political subdivision of a State...may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

18.    Contrary to the Defendants' claims, ADA pre-emption applies equally to Plaintiffs and Defendants, patients and air transportation providers. There is no federal law mandating payment for the payment of air carrier services. Applying the ADA preemption provision to the Defendants, means they cannot employ or enforce any State law having the force and effect of law "related to price, route or service of an air carrier." Two United States Supreme Court cases, *Northwest, Inc. v Ginsburg*, 572 U.S. 273, 280 (2014) and *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) construe the provision broadly, excluding only privately ordered obligations. "[T]he terms and conditions airlines offer and passengers accept, are privately ordered obligations and thus do not amount to a State's enactment or enforcement of any law, rule, regulation, standard,

or other provision having the force and effect of law within the meaning of the ADA pre-emption provision." Many circuit court and district court rulings are in accord. Recently, the 10th Circuit Court of Appeals in *Scarlett v. Air Methods*, 922 F. 3d 1053 (10th Cir. 2019) ruled that Defendants' legal entitlement to payment can only be premised upon a contract establishing mutual assent by both Defendants and the patient. No such mutual assent exists between Plaintiffs and Defendants.

19.     Plaintiffs and the Class include all those who were charged for emergency air transportation by the Defendants for emergency air transportation.

20.     After the transportation is complete, Defendants send a statement for the transportation showing a "base rate" and a "mileage" charge (collectively "charged amount") and demand payment from Plaintiffs. The rate that will be charged by Defendants for the "base charge" and "mileage" is known to Defendants prior the transportation, but it is not published on their web site nor otherwise disclosed to Plaintiffs prior to transport. The refusal by Defendants to disclose prices is consistent with their longstanding argument that their pricing is some sort of trade secret. The legal impact however, is that Defendants seek to impose a silent price terms on critically injured Plaintiffs who have never voluntarily contracted with the Defendants.

21.     A contract where a party reserves to itself the unfettered right to bill whatever it sees fit without disclosing the price is unenforceable. 17A Am. Jur. 2d Contracts, § 187 ("A reservation to either party to a contract, of an unlimited right to determine the nature and extent his or her performance renders the obligation too indefinite for legal enforcement.").

22.     Because the air transportation services provided by the Defendants occur under a medical emergency, the patient transported, in fact and law suffers from the duress of a medical emergency making them incapable of entering into any voluntary undertaking with the Defendants.

23.     Ascertainability of the patients transported, and the identity of all Plaintiffs can be determined from Defendants' Information Technology infrastructure. Defendants track every transport, and all related collection efforts. Defendants employ a standard form documents including Assignment of Benefits, and Authorization and Consent forms. These forms are executed irrespective of whether the transported patients are capable of assent. On information and belief, if the patient cannot execute the authorization, a Crew Member of Defendants will sign the agreement on behalf of the patient and indicate the reason why the patient cannot sign or have someone else sign on behalf of the patient.

24.     The Class includes the patient transported, the legal custodian of the patient (in the case of spouses or minor or mentally disabled patients), the estate of a deceased patient, or any person or entity from whom Defendant has demanded payment for emergency air transport. For each transport, Defendants maintain detailed records with a unique identifier containing the identity of the patient transported and all claims by Defendants for payment.

25.     In this action, Plaintiffs, on behalf of themselves, seek declarations with respect to Defendants' legal entitlement to payment from Plaintiffs in light of the pre-emption provision of the ADA pre-empting all state common law implying price terms, and the nature and extent of any legal entitlement in Defendants to receive payment in the absence of a non-pre-empted contract claim.

26.     Defendants send a statement for the charged amount to the Plaintiffs and demand payment for prices that the Plaintiffs and Class never agreed to pay. In the absence of payment, Defendants initiate collections, report the amount charged as an unpaid bill to credit reporting agencies, engage in collection efforts, seek to enforce liens, and initiate lawsuits in state courts, or seek to enforce state law related to the price or services they provide. Defendants demand payment,

initiate collection efforts, and threaten suit in state court for judgments based upon prices never disclosed and agreed upon for the services provided by the Defendants in spite of the fact that Defendants knew, prior to the transportation, the prices they would charge, and that the ADA preempts the Defendants' legal entitlement to payment.

## PARTIES

27.    Defendant Air Methods Corporation is incorporated under the laws of Delaware with a principal place of business in Englewood, Colorado.

28.    Defendant Rocky Mountain Holdings, LLC, is a limited liability company organized under the laws of Delaware with a principal place of business in Cincinnati, Ohio. On information and belief, Defendant Rocky Mountain Holdings, LLC, regularly conducts business in Colorado. On information and belief, Defendant Rocky Mountain Holdings, LLC, is a subsidiary of Defendant Air Methods Corporation.

29.    Plaintiff Christian McClain is a citizen of New Mexico residing in Sandoval County.

30.    Plaintiff Charles Kiser is a citizen of Oklahoma residing in Lincoln County.

## PLAINTIFFS' FACTS

31.    On March 12, 2017 Plaintiff McClain had attended an FAA seminar in Ana Dona, New Mexico. He was driving back to Albuquerque passing through Silver City, NM when he experienced a blackout related to medication. Somehow, he was able to get himself to the hospital in Silver City, New Mexico.

32.    Plaintiff McClain does not recall signing any forms from Defendants prior to or during the transport in which he consented to pay such sums for services provided by Defendants. Plaintiff McClain is an aircraft mechanic and is aware that helicopter transport is costly to

the consumer, but his experience indicates that the actual costs to operate an air ambulance in no way justify Defendants' outrageous charges. If he had been in his right mind, he would not have consented to the helicopter transport.

33.    Defendants transported Plaintiff McClain from Gila Regional Medical Center in Silver City, New Mexico to Presbyterian Hospital in Albuquerque, New Mexico.

34.    Following the transport, Defendants billed Plaintiff McClain $64,999, which included a "base" charge of $28,624.64 and an additional $36,374.36 for mileage. The trip was 185 miles, making the charge per mile $196.62. On information and belief, that charge was the maximum amount that Defendant would charge a patient under its arbitrary and unilateral billing schedule.

35.    Plaintiff McClain was insured by United Healthcare, which paid $26,744.73, leaving him with a balance bill of $38,254.27. Thereafter, Mr. McClain received myriad calls and correspondences from Defendants demanding payment. Documents related to McClain's claim are attached as Exhibit 1.

36.    Many of the correspondences from Defendant were intentionally misleading. For example, Defendant asserted that "in order for us to bill your insurance company, we need the enclosed Assignment of Benefits form signed by the policyholder." Exhibit 1 at p.2.

37.    On January 31, 2019, Defendants transported Charles Kiser from Carlsbad Medical Center in Carlsbad, New Mexico to University Medical Center in Lubbock, Texas.

38.    Following the transport, Defendants billed Plaintiff Kiser $69,999 which included a "base" charge of $31,668.53 and an additional $38,330.47 for mileage. On information and belief, that charge was the maximum amount that Defendant would charge a patient under its

arbitrary and unilateral billing schedule, which had increased by $5,000 since Plaintiff McClain was billed the maximum amount then applicable under Defendant's arbitrary billing schedule.

39.    Plaintiff Kiser does not recall signing any forms from Defendants prior to or during the transport in which he consented to pay such sums for services provided by Defendants.

40.    Plaintiff Kiser was insured by Cigna, which paid $8,518.88, leaving him with a balance bill of $61,480.12. Mr. Kiser still received, until recently, calls multiple times a week from Defendants demanding payment of the bill. Documents related to Kiser's claim are attached as Exhibit 2.

41.    Mr. McClain and Mr. Kiser bring this action individually and on behalf of themselves and a class of others similarly situated, against Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC.

## JURISDICTION AND VENUE

42.    This Court has original jurisdiction pursuant to 28 U.S.0 § 1331. Further, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5 million dollars and is a class action in which Plaintiffs and members of the Class are citizens of states different from Defendants. This Court also has federal question jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and the ADA, 49 U.S.C. § 41713(b) (I).

43.    This Court has personal jurisdiction over Defendants because they are authorized to do business and are conducting business throughout the United States, including New Mexico; Defendants have sufficient minimum contacts with the various states of the United States, and the State of New Mexico; and/or sufficiently avail themselves of the markets of the various states of the United States, including New Mexico, to render proper the exercise of jurisdiction by this Court.

44.     Venue is proper in this District under 28 U.S.C. § 1391(b) (2) because a substantial portion of the acts or omissions complained of occurred in this District.

45.     Venue is also proper because: (a) Defendants are authorized to conduct business in this District and have intentionally availed itself of the laws and markets within this District; (b) Defendants do substantial business in this District; and (c) are subject to personal jurisdiction.

## DEFENDANTS' PRIOR STATE COURT LITIGATION

46.     On information and belief. Defendants have, without any legal entitlement to payment:

- filed multiple state-court breach-of-contract suits in multiple states to collect their charges, both by direct actions against a transported person and by way of making claims in interpleader actions;

- filed proof of claims in multiple bankruptcy cases asserting a right to be paid based on state-law breach-of-contract theories;

- filed claims in estate cases to recover their charges for transportation of a deceased person in multiple cases;

- sought more compensation from Medicare, Medicaid and Tricare insureds than is allowed under the relevant payment schedule for providers that accept assignment of benefits from Medicare, Medicaid and Tricare patients;

- sought more compensation from patients with commercial insurance, employer-sponsored health benefits plans, and other non-governmental third-party payers than what the insurance industry has determined to be the uniform, customary, and reasonable rate in each locality;

- coerced class members to enter payment plans to pay their full billed amount in monthly installments paid over decades with interest; and

- enforced, or sought to enforce, subrogation claims or liens against personal injury claims or recoveries seeking their full-billed amounts.

47.    Defendants' collection efforts against Plaintiffs were ongoing at the time this action was filed, and Defendants will continue efforts to collect their improperly billed amounts in the absence of relief granted by the Court in this action.

48.    There is a live and ongoing dispute between Plaintiffs and Defendants.

## CLASS ACTION ALLEGATIONS

49.    This action is brought and may be maintained as a class action pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b) (1), (b) (2), and (b) (3), are met with respect to the Class defined as follows:

> All persons billed by Defendants, or who paid a bill from Defendants, for air medical transport that Defendants carried out from a pickup location in New Mexico.

> Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which have a controlling interest of Defendant, and Defendants' legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

50.    Plaintiffs expect to seek certification of the Class under Rules 23(b) (1), (b) (2), (b) (3), and (c) (4) of the Federal Rules of Civil Procedure.

51.    The Class will include only persons having viable claims under the applicable statute of limitation. However, the Class claims the benefit of American Pipe tolling because of previous class cases filed against Defendants. See *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

52.    Rule 23 permits Plaintiffs the right to redefine the Class prior to class certification.

53.    The members of the Class are so numerous that joinder of all members is impracticable. The exact number of Class Members is unknown as such information is in the exclusive control of Defendants. However, due to the nature of the trade and commerce involved, Plaintiffs believe the Proposed Class consists of thousands of Class Members. Defendants themselves claim that they transport more than 100,000 patients each year, operating out of more than 300 bases in the 48 contiguous states. See: https://www.airmethods.com/about-us.

54.    Common questions of law and fact affect the rights of each Class Member and a common relief by way of declaratory judgment and injunction, including at least the following:

   a.  Did the Plaintiffs enter into any voluntary agreement to pay the Defendants their charged amounts?

   b.  Did Defendants disclose the prices, including, but not limited to their fixed mileage price and "helicopter rotor base" price for the transportation to Plaintiffs prior to transportation?

   c.  Were Defendants' services for the emergency air transportation of critically injured Plaintiffs/patients?

   d.  Did the critically injured patients, including the Plaintiffs, or a legally authorized representatives, voluntarily agree to pay Defendants whatever Defendants charged without any right on behalf of the patients or Plaintiffs to contest the reasonableness of those charges and, if so, is that agreement enforceable?

e.  Can a patient needing emergent medical air transportation voluntarily assent to an enforceable contract for that transportation where the price terms is silent, and the ADA prevents the Court from supplying a price?

f.  What is the contractual relationship between Defendants and the Plaintiffs, if any?

g.  Does the ADA preempt Defendants from collecting a reasonable amount, and or any amount, from Plaintiffs and Class Members for transport?

h.  What is Defendants' legal entitlement, if any, to payment from the Plaintiffs or from third party payors on behalf of the Plaintiffs under New Mexico law?

i.  Whether the Court should grant injunctive relief to Plaintiffs who did not engage in any voluntary undertaking with the Defendants for their transportation prevent collection efforts by Defendants for their charged amounts?

j.  Whether Plaintiffs who paid or had a third-party payor pay some or all of the charges entitled to restitutionary relief for payment where there is no obligation to pay?

k.  Whether Defendants should be enjoined from seeking to collect amounts not agreed to by the parties.

l.  Whether Defendants are entitled any payment from Plaintiffs and, if so, the proper mechanism to determine the amount owed?

55.  The claims and defenses of the named Plaintiffs are typical of the claims and defenses of the Class. Defendants sought to collect an alleged debt for which they have no valid basis for collection since any efforts to impose a price by any court would be preempted under the ADA.

56.     Plaintiffs will fairly and adequately assert and protect the interests of the Class. Specifically, Plaintiffs have hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class. Neither the named Plaintiffs nor putative class counsel have a conflict of interest that will interfere with the maintenance of this class action.

57.     Defendants undertake hundreds of thousands of transports each year so, a class action provides a fair and efficient method for the adjudication of this controversy for the following reasons:

a.   The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

b.   Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

c.   Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and

d.   Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

e.   There are no unusual legal or factual issues which would create manageability problems; and

f.   Class adjudication is superior to individual adjudication of the claims at issue in this case.

58.     In this action, Patients, on behalf of themselves and the Proposed Class, seek:

a.  to enjoin Defendants from engaging in any collection of their charged amounts;

b.  for Declarations regarding the respective legal rights of the parties with respect to Patients' obligation to pay, and Defendants' legal right to receive payment in the absence of an express contract;

c.  for Declarations as to whether any contract exists between Defendants and Patients, and if so, the terms of their bargain;

d.  for Declarations regarding the legal rights of the Defendants to receive payment of the any sum, or any sum exceeding the reasonable amount determined by Patients' third-party payors;

e.  for Declarations as to the right of Defendants to initiate and pursue collection efforts with respect to Balance Billed charges under the circumstances; and,

f.  for Declarations the legal rights of the parties with respect to the application of the ADA, 49 U.S.C. § 41713(b) (1) upon the legal right of Defendants to charge and the legal obligation of the Patients to pay for air medical transportation services beyond reasonable value of those charges.

## CAUSES OF ACTION

### For a First Cause of Action

**Injunctive and Declaratory Relief Pursuant to 28 U.S.C. § 2201**

59.   Plaintiffs incorporate the previous paragraphs outside of this Count as though set forth herein.

60.   28 U.S.0 §2201 provides as follows:

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

61.     Prior to the provision of services, no negotiation of contract terms regarding the price of Defendants' transportation services took place and Plaintiffs, the Class and Defendants did not enter into any voluntary agreement to pay Defendants' charged amounts for transport services.

62.     Defendants have engaged in and threatened to engage in:

- collection of the amount charged against the Plaintiffs, irrespective of whether the amount charged is a reasonable value for the services provided;

- have wrongfully engaged Plaintiffs in negotiations with their third-party insurers to pay medical bills they did not agree to pay; and

- Sought collection of their charged amounts when their legal entitlement is to payment is preempted by the ADA.

63.     Defendants have engaged in and threatened collection efforts to recover, accumulated interest and fees on the unpaid balance, reported the unpaid charged amount as Bad Debt to credit reporting agencies, and ultimately filed suit in state court for the amounts charged, or for the purpose of coercing Patients in compromise payments that they do not owe.

64.     In the course of collecting its charged amounts, especially when sued by those charged, Defendants assert that all state law is preempted by the ADA, denying Patients notice and an opportunity to be heard on critical questions of Defendants' entitlement to payment, including but not limited to whether there is an agreement between the parties to pay Defendants charged amount, whether the charged amount is reasonable for the services it provides, and whether any mutual assent was manifest prior to the transportation of the patient.

65.     Plaintiffs seek injunctive and declaratory relief for the purposes of determining questions of actual controversy between the Patients and Defendants.

66.    Defendants have acted in a uniform manner in (a) failing to enter into express agreements with respect to their charged amount for transportation services before rendering those services, (b) seeking payment from third party payors, (c) balance billing Patients in the event the charged amounts are not paid, (d) reporting unpaid balances as Bad debt even though no determination of the reasonableness of the charge has been determined, (e) engaging in collection efforts, including suit in state court, or under state law, and (f) coercing compromise payments that are not legally owed.

67.    Defendants have acted or refused to act on grounds that apply generally to Patients such that declaratory relief to determine (a) whether Defendants' Patients have an enforceable agreement for the amount charged, (b) the amount to which Defendants are entitled in the absence of an agreement for payment, and (c) whether and to what extent the ADA pre-empts the employment of the common law of contracts to these factual circumstances, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Proposed Class as a whole within the meaning of Fed. R. Civ. P. 23.

68.    There is an actual dispute and controversy between Patients and Defendants as to whether Defendants can (a) demand payment for services with respect to which the price term is silent, (b) engage in collection efforts where no legally enforceable contract exists, (c) impose interest and costs of collection on Plaintiffs and the Class, (d) attempt to collect the amounts charged under the circumstances, and (e) seek and receive third party payment for the legal obligations of plan beneficiaries beyond the amount determined by third party payors of the reasonableness of the charges.

69.     Defendants have demanded payment from Plaintiffs, and initiated collection efforts claiming that the unpaid amounts demanded are bad debts and referred the demands to collection thereby adversely affecting Plaintiffs' credit.

70.     Plaintiffs have no adequate remedy at law.

71.     Plaintiffs seek declarations to determine their rights and the rights of the Proposed Class Members, in particular:

a.   The Court finds that Defendants and Plaintiffs, and the Class did not enter into any enforceable contract, either express or implied-in-fact, for Plaintiffs and the Class to pay the amounts charged by the Defendants for the transportation services it provided;

b.   The Court finds that Defendants have engaged in collection efforts against s and the Class for amounts that the Plaintiffs and the Class did not contractually agree to pay;

c.   The Court finds that Defendants have engaged in collection efforts against Plaintiffs and the Class for amounts concerning which there was no mutual assent manifest by the Plaintiffs and the Class prior to the rendering of the services charged;

d.   The ADA pre-empts the imposition of any state common law contract principles that impose terms upon Plaintiffs which those parties did not expressly assent to prior to the air medical transportation services provided to them;

e.   The Court finds that the emergency medical circumstances of Defendants' medical air transportation were such that patients transported cannot be implied to have entered into any contract for transportation, and in particular any agreement to pay whatever Defendants charged;

     f.    The Court finds that ADA pre-empts application of state law imposing or implying any agreement upon Plaintiffs to pay Defendants charged amounts;

     g.    The Court finds that Plaintiffs' third-party payors' determinations of the reasonable value of the Defendants' services is sufficient evidence of reasonableness under the circumstance where Defendants have submitted a claim to third-party payors; and

     h.    The Court finds that Defendants' collection of any sums, absent an enforceable contract with the Plaintiffs charged, was unlawful and the sums received by Defendants disgorged.

72.    Plaintiffs and the Proposed Class further seek a prospective order from the Court requiring Defendants to: (1) cease all balance billing and collection efforts with respect to outstanding bills for air medical transportation service until this Court determines Defendants' legal entitlement to payment of its charged amounts makes a determination of the methodology for determining their reasonable value; and (2) account for all sums collected for air medical transportation services provided to Plaintiffs.

73.    Defendants' collection efforts damage the credit of Plaintiffs and the Class, have caused, and continue to cause Plaintiffs and those in the Plaintiffs' Class anxiety, embarrassment and humiliation; have caused them to incur legal fees and litigation expenses; exposed Plaintiffs and the Class to claims for interest on unpaid Defendants' charges and vexing and harassing collection efforts. Because of Defendants' practices as described above, Plaintiffs and the Proposed Class have suffered, and will continue to suffer, irreparable harm and injury.

74.    Accordingly, Plaintiffs and Members of the Proposed Class respectfully ask the Court to issue an injunction ordering Defendants to (1) cease and desist their practice of filing third-party reimbursement claims absent an enforceable contract to collect their charged amount;

and (2) provide for an accounting of all sums received by Defendants during the last 10 years, where Defendants submitted a claim to third-party payors payment without basing that claim on a contract with the transported party.

### For a Second Cause of Action

**Breach of Contract**

75.    Plaintiffs incorporate the previous paragraphs outside of this Count as though set forth herein.

76.    Plaintiffs had or have agreements either with medical providers or their health care insurers.

77.    Defendants offered to comply with those agreements by offering emergency medical services (air transport) to Plaintiffs.

78.    Defendants breached those agreements by, among other things, stating or imply that:

      a.   their services would be covered by a consumer's health insurance;

      b.   their services would be charged at reasonable rates;

      c.   their services were actually necessary;

      d.   their services were in connection with the hospital where the consumer was admitted; or

      e.   their services were governed by one or more of the contracts between a consumer and his or her provider or insurance carrier.

79.    Defendants also are barred from enforcing any alleged agreements for their services by:

      a.   Taking unfair advantage of fragile or medically compromised consumers;

b. Taking advantage of the lack of information provided to consumers about the true cost of emergency medical air transport and the insurance coverage therefor;

c. Stating or implying that the government or some regulator would set the rates for such flights.

80. For these reasons, Defendants are liable to Plaintiffs in amounts to be determined at trial.

## PRAYER FOR RELIEF

81. **THEREFORE**, Plaintiffs, individually and on behalf of the Class of persons described herein, prays for an Order as follows:

a) Entering an order certifying the Class designating Plaintiffs as the class representatives, and designating the undersigned as class counsel;

b) Awarding Plaintiffs all costs and disbursements, including attorneys' fees, experts' fees, and other class action related expenses;

c) Imposing a constructive trust, where appropriate, on amounts received by Defendants from third-parties, or Plaintiffs in the absence of a contract with the transported party;

d) Issuing appropriate declaratory and injunctive relief, as requested in the Complaint, including to declare the whether the parties have an enforceable contract for the payment of Defendants' services together with the terms of that contract; the respective rights and obligations under the contract; and, the impact of the Air Line Deregulation Act

preemption provisions have on the parties respective rights and

obligations under that contract;

e) Awarding pre-judgment and post-judgment interest; and

f) Granting such further relief as the law allows and the Court deems just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

DATED August 3, 2020.

Respectfully submitted,

_/s/ David C. Kramer_____
David C. Kramer
LAW OFFICE OF DAVID C. KRAMER, L.L.C.
P.O. Box 4662
Albuquerque, NM 87196
Telephone: (505) 545-8105
Facsimile: (505) 715-4884
Email:  David.c.kramer@swcp.com

-and-

___ _/s/ Edward L. White_[2]_____

Edward L. White, OBA #16549
Kerry D. Green, OBA #31998
EDWARD L. WHITE P.C.
829 East 33rd Street
Edmond, Oklahoma 73013
Telephone: (405) 810-8188
Facsimile: (405) 608-0971
Email:  ed@edwhitelaw.com
            kerry@edwhitelaw.com

**ATTORNEYS FOR PLAINTIFFS**

---

[2] Mr. White has submitted or will timely submit the application for *pro hac vice* admission to this District.

# MEDICREDIT, INC.
PO Box 1629
Maryland Heights, MO 63043-0629
**Phone: 866-629-1356**

You can also pay by check or credit card at our website:
**www.medicreditcorp.com**

Creditor Name: ROCKY MOUNTAIN HOLDINGS, LLC
Account #: ███████
Customer #: 17-50106

Date of Service:       03/12/2017
Balance Due on File:   $38,254.27
Last Payment Date:     00/00/0000

This is to inform you that Rocky Mountain Holdings, LLC has placed your account with this agency with the full intention of collecting this account. Please give this past due account the attention it deserves.

Two options include:
1. Remitting payment in full to this office or,
2. Contacting this office by telephone to arrange resolution of the account.

For phone payments, express mail, MoneyGram information, call between 8:00am and 5:00pm Monday through Friday. All times are Pacific Time Zone.

 Please call to make a payment by check or credit card by telephone.

 MoneyGram. ExpressPayment.

For your convenience you have the option to pay by Credit Card or electronic check (ACH) payments. There will be a $4.95 Third Party Transaction Fee for using this option. This Third Party fee will appear separately on your credit card holder or bank statement. Transaction fees do not apply to the following states: CA, CO, CT, FL, ID, KS, MA, ME, MN, NY, NC, OK, TX, UT, WA, WV, WI, and WY. Payments via check through the mail are not subject to the Third Party Transaction Fee.

**Important Notice:**
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Contact us toll free at 866-629-1356.

Medicredit, Inc.
PO Box 1629
Maryland Heights, MO 63043-0629

**This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for this purpose.**

## Exhibit 1

737813693_24TTTOGW0303DAGI_82812379_B3AI103I

***Detach Lower Portion and Return with Payment***

Rocky Mountain Holdings LLC
PO Box 713375 • Cincinnati, OH 45271-3375
**Customer Service: (888) 636-4438**

Air Medical Transport Services provided by: Air Methods Corporation

| PATIENT NAME |
| --- |
| Christian Mcclain |

| RUN# | STATEMENT DATE |
| --- | --- |
| 17-50106 | 03/17/2017 |

| DATE OF SERVICE | INSURANCE CARRIER |
| --- | --- |
| 03/12/2017 | None Listed |

***THIS IS NOT A BILL***

Dear Christian Mcclain,

In order for us to bill your insurance company, we need the enclosed Assignment of Benefits form signed by the insurance policyholder and returned to us. A prepaid envelope is enclosed for your convenience. If you have any questions regarding the Assignment of Benefits form, please call the toll free number on this invoice. Thank you.

**Summary of Account**      **AMOUNT**

| Description | Qty. | Price | Contractual Allowance | Amount |
| --- | --- | --- | --- | --- |
| A0436 Helicopter Mileage | 185 | 36374.36 | 0.00 | 36374.36 |
| A0431 Helicopter Rotor Base | 1 | 28624.64 | 0.00 | 28624.64 |

**BALANCE:**     $64999.00

*URGENT ACTION REQUIRED*



935EXLNET03INVABO1

All communications concerning disputed debts, including an Instrument tendered as full satisfaction of a debt, must be sent to PO Box 4467, Fontana, CA 92334-4467.



Pay By Phone: (888) 636-4438 We accept credit, debit and check by phone.
Pay By Mail: PO Box 713375 Cincinnati, OH 45271-3375

Do not send correspondence to this address.
EXLNET03
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

March 17, 2017

INVAOB1    379869265
Christian Mcclain
Rio Rancho NM 87124-4339

Exhibit 2

***PLEASE REFER TO THE BACK OF THE 2ND PAGE FOR MAILING INSTRUCTIONS***

PO Box 713375 • Cincinnati, OH 45271-3375
**Customer Service: (888) 636-4438**

Air Medical Transport Services provided by: Air Methods Corporation

| PATIENT NAME | |
|---|---|
| **Christian Mcclain** | |
| **RUN#** 17-50106 | **STATEMENT DATE** 03/20/2017 |
| **DATE OF SERVICE** 03/12/2017 | **INSURANCE CARRIER** None Listed |

| Summary of Account | | | | AMOUNT |
|---|---|---|---|---|
| **Description** | **Qty.** | **Price** | **Contractual Allowance** | **Amount** |
| A0436 Helicopter Mileage | 185 | 36374.36 | 0.00 | 36374.36 |
| A0431 Helicopter Rotor Base | 1 | 28624.64 | 0.00 | 28624.64 |

**\*\*\*THIS IS NOT A BILL\*\*\***

Dear Christian Mcclain,

In order for us to bill your insurance company, we need the enclosed Assignment of Benefits form signed by the insurance policyholder and returned to us. A prepaid envelope is enclosed for your convenience. If you have any questions regarding the Assignment of Benefits form, please call the toll free number on this invoice. Thank you.

**BALANCE:** $64999.00

**URGENT ACTION REQUIRED**



935EXLNET03INVABO1

All communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, must be sent to PO Box 4467, Fontana, CA 92334-4467.



Pay By Phone: (888) 636-4438 We accept credit, debit and check by phone.
Pay By Mail: PO Box 713375 Cincinnati, OH 45271-3375

**Do not send correspondence to this address.**
EXLNET03
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

March 20, 2017

INVAOB1       381526394
Christian Mcclain

Rio Rancho NM 87124-4339

**\*\*\*PLEASE REFER TO THE BACK OF THE 2ND PAGE FOR MAILING INSTRUCTIONS\*\*\***

**Air Methods**
A Partner of Choice

**Rocky Mountain Holdings LLC**
PO Box 713375 • Cincinnati, OH 45271-3375
**Customer Service: (888) 636-4438**

PO Box 2532
Fontana, CA 92334-2532
ADDRESS SERVICE REQUESTED

March 20, 2017

CHRISTIAN MCCLAIN
█████████████
RIO RANCHO NM 87124

# Attention: UHC Has Delayed Your Insurance Claim

We recently became aware that your health insurance company UHC, is not processing the claim for air ambulance services. We sent them your medical record, and confirmed with them it was received. At this point they are still not processing your claim. When our patients call about their claim, UHC has said we did not send the medical record. We are writing to explain how you can get your claim processed. To prevent billing of the full balance to you, please call UHC and ask them to process your claim and be prepared with this information:

- **Provider Rocky Mountain Holdings LLC has sent the medical record that was requested.**
- **Rocky Mountain Holdings LLC has received confirmation that UHC has the requested record.**
- **If you or UHC would like to have the date and confirmation number, you or UHC can call us and we will provide that information.**
- **UHC may need to be told that in their system, they can locate our record in "Provider Notes"**

**CALL UHC for help with your claim:   UHC GENERAL CUSTOMER SERVICE: 866-633-2446 or the telephone number on the back of your insurance card**
Call us for information:  (888) 636-4438

UnitedHealthcare®

UnitedHealthcare Insurance Company
GREENSBORO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
Phone: 1-800-996-0271

April 17, 2017

Have more questions about your claim?
Visit **www.myuhc.com**
for all your claim and benefit information.

## Claim Detail for CHRISTIAN MCCLAIN

Provider: S FERGUSON                    Claim Number: 645782014901                    Patient Account Number: H█████

| Date(s) of Service | Type of Service | Notes* | Amount Billed (-) | Plan Discounts (-) | Your Plan Paid (=) | Your Itemized Responsibility to Provider** | | | | Amount You Owe |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Deductible (+) | Copay | (+) Coinsurance (+) | Non Covered (=) | |
| 01/30/2017 | IH MEDICAL VISIT | I4 | $109.00 | $109.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/31/2017 | IH MEDICAL VISIT | D1 | $187.00 | $39.04 | $147.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Claim Total: | | | $296.00 | $148.04 | $147.96 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**This total does not reflect any payments / copays you made at the time of service
Please wait for a provider bill before making a payment

## Claim Detail for CHRISTIAN MCCLAIN

Provider: ROCKY MOUNTAIN                    Claim Number: 329839263701                    Patient Account Number: █████6

| Date(s) of Service | Type of Service | Notes* | Amount Billed (-) | Plan Discounts (-) | Your Plan Paid (=) | Your Itemized Responsibility to Provider** | | | | Amount You Owe |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Deductible (+) | Copay | (+) Coinsurance (+) | Non Covered (=) | |
| 03/12/2017 | AMBULANCE | 0B | $28,624.64 | $16,668.81 | $11,955.83 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/12/2017 | AMBULANCE | 0B | $36,374.36 | $21,585.46 | $14,788.90 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Claim Total: | | | $64,999.00 | $38,254.27 | $26,744.73 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**This total does not reflect any payments / copays you made at the time of service
Please wait for a provider bill before making a payment

We received the requested information on **04/14/17** and have processed claim number **6410267936001**

## Notes*

**0B -**   MEMBER: YOU ARE ONLY RESPONSIBLE TO PAY YOUR CO-INSURANCE, CO-PAY OR DEDUCTIBLE. IF YOUR PROVIDER BILLS YOU OTHER AMOUNTS PLEASE CALL TOLL-FREE AT 1-855-239-3848.  PROVIDER: THIS CLAIM HAS BEEN REIMBURSED AT 350% OF THE MEDICARE ALLOWED AMOUNT. PLEASE DO NOT BILL THE PATIENT ABOVE THE AMOUNT OF CO-INSURANCE, CO-PAY OR DEDUCTIBLES APPLIED TO THIS SERVICE. IF YOU HAVE QUESTIONS ABOUT THE REIMBURSEMENT AMOUNT, CALL TOLL-FREE AT 1-855-239-3848.

STD-EOB
000001240688000

**Use this EOB statement as a reference or retain as needed**

**Air Methods**

May 2, 2017

**DEFENDERS OF TOMORROW"**

Christian McClain

Rio Rancho, NM 87124

Run: 17-50106
Charge: $64,999.00
Date of Service: 03/12/2017

Dear          **Mr. McClain,**

We have received an underpayment and/or denial from your health plan for the air ambulance transport provided to you on        03/12/2017 . We would like to assist you with an appeal to your plan in an effort to maximize the benefits and to reduce your responsibility of the bill. In order to do this, we need your assistance.

**United Healthcare**          requires that we have a signed release in order to appeal. We ask that you aid in this process by completing the attached form. Please sign all applicable lines and return to us in the enclosed self-addressed stamped envelope.

Please have this completed within the next 10 business days in order to avoid being billed for the balance of **38,254.27** . To expedite, please fax completed form to (402) 952-2421 or email to PINS@airmethods.com.

Thank you for your cooperation.

Preparer / Contact: Danisha Johnson
Air Methods Patient Business Services
Phone #: 909-915-2838
Email:    danisha.johnson@airmethods.com

**Air Methods**

DEFENDERS of TOMORROW

June 2, 2017

Christian Mcclain

Rio Rancho NM 87124-4339

Re:     Letter to your insurer and release document

Dear Christian Mcclain ,

Please find an enclosed letter to your insurer that we have discussed or have been trying to discuss with you by phone recently. The purpose of this letter is to make clear to your insurer how their reimbursement for your air ambulance claim is very unreasonable.  We have also enclosed a HIPAA release document for you to sign.  This release allows us to use your letter in our ongoing efforts to speak up for patients like you who are being treated unfairly with large account balances. Please sign both the letter and the HIPAA release and return these documents to us in the enclosed prepaid self-addressed envelope. We will file an appeal on your behalf with your insurer if you would like.

Our goal is to help ensure insurance companies adequately pay for air ambulance services provided to their beneficiaries and that other future patients like you don't experience underpayment of their claims. Your support in these efforts will help ensure that air ambulance providers like Air Methods can continue to offer the invaluable service of emergency air transportation in your community.

If you have questions about this letter and its purpose please contact our office at your earliest convenience to discuss.

Thank you,

Rocky Mountain Holdings LLC
(888) 636-4438

Enclosures

822EXLNET03LTPINSUCR
All communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, must be sent to PO Box 4467, Fontana, CA 92334-4467.
If you are a current member of the Air Methods Advantage Membership program, please contact us at (855) 896-9064.



Pay By Phone: (888) 636-4438 We accept credit, debit and check by phone.
Pay By Mail: PO Box 713375 Cincinnati, OH 45271-3375

Do not send correspondence to this address.
EXLNET03
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

June 2, 2017

LTPINSUCR     442189302

Christian Mcclain

Rio Rancho NM 87124-4339



| PATIENT NAME | | DATE OF SERVICE |
|---|---|---|
| Christian Mcclain | | 03/12/2017 |

| RUN # | STATEMENT DATE | AMOUNT DUE |
|---|---|---|
| 17-50106 | 06/02/2017 | $28256.27 |

Rocky Mountain Holdings LLC
PO BOX 2532
Fontana CA 92334-9938

Christian Mcclain

██████████

Rio Rancho NM 87124-4339

June 2, 2017

UHC 30555
P.O. Box 30555
Salt Lake City UT 84130

Dear UHC 30555,

I am submitting this official complaint to you as my health insurance carrier because you have not reimbursed my medically necessary emergency air medical services adequately. Unless you increase your reimbursement to my air ambulance provider, you will be improperly leaving me with a bill that is far higher than I can expect to pay on my own.

My transport was due to an unforeseen medical emergency. In fact, the transport was only completed because of the seriousness of my health condition, and these critical services were determined to be medically necessary by my treating health care provider or the first responder. The initial bill was $64999.00 and to date you have only reimbursed a portion of my claim, which leaves me with a large outstanding balance if you refuse to reconsider the sufficiency of your reimbursement. I hope you can understand that your failure to adequately reimburse my provider for this recent critical care transport was an unfair surprise to me.

Your reimbursement to my air medical provider to date is far below usual and customary reimbursement for these medically necessary services. As a beneficiary of your health plan, my premiums and any deductibles and copayments have been faithfully paid in accordance with my plan requirements, with the expectation that you would be there when I need you most. Even though the insurance premiums you are paid continue to rise, it would appear that your coverage for these critical emergency services in my time of need seems to have proportionately shrunk, or that my plan policy limits are being improperly reduced or limited for these services.

I'm asking that you increase the amount you reimburse my air ambulance provider for these services. I'm ready to put this matter behind me to move on with my recovery and my life with peace of mind that this type of service will continue to be available to others in my community that might find themselves in need like I did.

Sincerely,

_____                    _____
(Signature)                                     (Date)

Christian Mcclain
Member ID: 910113629
██████████
Rio Rancho NM 87124-4339

CC:      Air Methods Corporation, Customer Care Department, P.O. Box 713362, Cincinnati, Ohio 45271

Claims for **CHRISTIAN** Processed between 05/04/17 to 06/05/17

| | Provider Billed | Plan Discount | Allowed Amount | Health Plan Paid |
|---|---|---|---|---|

**01/30/17 services provided by 'HME SPECIALISTS LLC'**

| Claim Number: **0641216944301** | $45.00 | -$45.00 | ... | ... |

- THIS CLAIM WAS PROCESSED ON 06/01/17.
- SERVICES WERE NOT RENDERED BY PROVIDER OR THE MEDICAL EQUIPMENT WAS RETURNED TO THE PROVIDER.

**01/30/17 services provided by 'HME SPECIALISTS LLC'**

| Claim Number: **0641216944301** | -$45.00 | $28.81 | -$16.19 | $16.19 |

- THIS CLAIM WAS PROCESSED ON 06/01/17.
- AN ADJUSTMENT WAS MADE TO YOUR CLAIM TO CORRECT AN ERROR IN PROCESSING

**02/28/17 services provided by 'HME SPECIALISTS LLC'**

| Claim Number: **0641216944401** | $45.00 | -$45.00 | ... | ... |

- THIS CLAIM WAS PROCESSED ON 06/01/17.
- SERVICES WERE NOT RENDERED BY PROVIDER OR THE MEDICAL EQUIPMENT WAS RETURNED TO THE PROVIDER.

**02/28/17 services provided by 'HME SPECIALISTS LLC'**

| Claim Number: **0641216944401** | -$45.00 | $28.81 | -$16.19 | $16.19 |

- THIS CLAIM WAS PROCESSED ON 06/01/17.
- AN ADJUSTMENT WAS MADE TO YOUR CLAIM TO CORRECT AN ERROR IN PROCESSING

**03/12/17 services provided by ROCKY MOUNTAIN'**

| Claim Number: **0805648358301** | $64,999.00 | -$64,999.00 | ... | ... |

- We denied claim number 6410267936001 received on 03/16/17 because the information requested on 03/28/17 has not been received.
- THIS CLAIM WAS PROCESSED ON 05/12/17.
- PAYMENT FOR SERVICES IS DENIED. WE ASKED THE PROVIDER FOR MORE INFORMATION AND DIDN'T RECEIVE IT ON TIME.

**03/12/17 services provided by 'RURAL RADIOLOGY'**

| Claim Number: **0651465494501** | $211.00 | -$211.00 | ... | ... |

- THIS CLAIM WAS PROCESSED ON 05/16/17.
- THIS PROCEDURE CODE AND MODIFIER ARE THE SAME AS OR EQUIVALENT TO ANOTHER PROCEDURE CODE AND MODIFIER SHOWN ON THIS SAME CLAIM SUBMISSION OR A PRIOR CLAIM SUBMISSION. NO FURTHER BENEFITS ARE AVAILABLE FOR THIS SERVICE.
- PAYMENT FOR THIS SERVICE OR SUPPLY IS DENIED BASED ON OUR REIMBURSEMENT POLICY. THIS SERVICE WAS INCLUDED IN A SERVICE ALREADY REPORTED OR IT IS NOT PAID SEPARATELY. IF YOU USED A NETWORK PROVIDER, YOU DON'T OWE ANYTHING.

UHG-0755129-00130388-P

0000002290007-157HSEPRT10010050440302



UnitedHealthcare
P.O. Box 30573, Salt Lake City, UT 84130-0573

August 9, 2017

CHRISTIAN MCCLAIN
▆▆▆▆▆▆▆▆▆
RIO RANCHO NM 87124

CASE ID:                  R2201703001
EMPLOYEE:                 CHRISTIAN MCCLAIN
ID #:                     ▆▆▆▆▆▆
PATIENT NAME:             CHRISTIAN MCCLAIN
GROUP:                    AERSALE, INC.
GROUP #:                  ▆▆▆▆▆▆
PROVIDER NAME:            ROCKY MOUNTAIN HOLDINGS
CLAIM AMOUNT:             $64,999.00
DATE(S) OF SERVICE:       MARCH 12, 2017
ORS NUMBER:               C72191332034867
INSURER:                  UNITEDHEALTHCARE INSURANCE COMPANY

Dear Rocky Mountain Holdings:

We received your request on behalf of our UnitedHealthcare Insurance Company member listed
above. However, pursuant to applicable regulations, we require you to secure written authorization
from the patient in order to submit an appeal or document request on that patient's behalf.

Your request either did not include the required authorization or the authorization submitted did not
include all necessary information. Please note the authorization requirements listed below.

- Member name and one or more other identifying element (date of birth, member ID,
  claim/authorization number, etc.)
- Name of provider/practice group from which services were/will be rendered
- Name of party designated as authorized representative.
- Member signature
- Effective date of authorization and/or date authorization was signed
- Date authorization expires or description of expiration event
- Indicates member is acknowledging, consenting to and/or understands that protected health
  information may be disclosed to the authorized representative
- Indicates authorization is in connection to services received from named provider/practice
  group and/or request for documents

- Includes member's right to revoke authorization at any time
- Authorization has not been revoked or expired

Attached for your convenience is an authorization form. Please forward the signed authorization with the request within (30) days to:

> Central Escalation Unit
> P.O. Box 30573
> Salt Lake City, UT 84130-0573
> Fax: 801-938-2100

Please note that the timeframe within which we will respond to the request will begin with our receipt of the authorization from the patient. Upon receipt of the authorization, all applicable regulatory requirements will apply.

While we cannot process this request as an appeal on the patient's behalf without authorization, as a courtesy to the providers serving our members, we will forward this issue to a defect review team to determine whether there has been an error in the processing of your claim or initial request. If it is determined that there has been an error in processing, we will correct the error and notify you within 45 days of the correction.

You may ask for verbal translation of this letter into a non-English language. For language translation, call the member number on your health plan ID card, or send your request to:

> Central Escalation Unit
> ATTN: Language Translation
> 4316 Rice Lake Road
> Duluth, MN 55811

Availability of Consumer Assistance/Ombudsman Services

In addition, there may be other resources available to help you understand the appeals process. For questions about your rights, this notice, or for assistance, you can contact the Employee Benefits Security Administration at 1-866-444-EBSA (3272).

Your satisfaction is important to us. As part of our continuing efforts to increase member satisfaction, it is our goal to thoroughly review requests and provide you with a prompt and complete response. If you have any questions, please call us at the toll-free member number listed on your health plan ID card (TTY 711)

Sincerely,

Nagoju T
Resolving Analyst

cc: Danisha Johnson

Enclosure:  Member Authorization Form

We do not treat members differently because of sex, age, race, color, disability or national origin.

If you think you were treated unfairly because of your sex, age, race, color, disability or national origin, you can send a complaint to the Civil Rights Coordinator.
Online: UHC_Civil_Rights@uhc.com
Mail: Civil Rights Coordinator, UnitedHealthcare Civil Rights Grievance, P.O. Box 30608, Salt Lake City, UT 84130

You must send the complaint within 60 days of when you found out about it. A decision will be sent to you within 30 days. If you disagree with the decision, you have 15 days to ask us to look at it again.

If you need help with your complaint, please call the toll-free phone number listed on your ID card, TTY 711, Monday through Friday, 8 a.m. to 8 p.m.

You can also file a complaint with the U.S. Dept. of Health and Human Services.
Online: https://ocrportal.hhs.gov/ocr/portal/lobby.jsf
Complaint forms are available at http://www.hhs.gov/ocr/office/file/index.html.
Phone: Toll-free 1-800-368-1019, 800-537-7697 (TDD)
Mail: U.S. Dept. of Health and Human Services, 200 Independence Avenue, SW Room 509F, HHH Building, Washington, D.C. 20201

We provide free services to help you communicate with us. Such as, letters in other languages or large print. Or, you can ask for an interpreter. To ask for help, please call the toll-free phone number listed on your ID card, TTY 711, Monday through Friday, 8 a.m. to 8 p.m.

---

ATTENTION: If you speak English, language assistance services, free of charge, are available to you.
Please call the toll-free phone number listed on your identification card.

ATENCIÓN: Si habla español (Spanish), hay servicios de asistencia de idiomas, sin cargo, a su disposición. Llame al número de teléfono gratuito que aparece en su tarjeta de identificación.

請注意：如果您說中文

(Chinese)，我們免費為您提供語言協助服務。請撥打會員卡所列的免付費會員電話號碼。

XIN LƯU Ý: Nếu quý vị nói tiếng Việt (Vietnamese), quý vị sẽ được cung cấp dịch vụ trợ giúp về ngôn ngữ miễn phí. Vui lòng gọi số điện thoại miễn phí ở mặt sau thẻ hội viên của quý vị.

알림: 한국어(Korean)를 사용하시는 경우 언어 지원 서비스를 무료로 이용하실 수 있습니다. 귀하의 신분증 카드에 기재된 무료 회원 전화번호로 문의하십시오.

PAALALA: Kung nagsasalita ka ng Tagalog (Tagalog), may makukuha kang mga libreng serbisyo ng tulong sa wika. Pakitawagan ang toll-free na numero ng telepono na nasa iyong identification card.

ВНИМАНИЕ: бесплатные услуги перевода доступны для людей, чей родной язык является русском (Russian). Позвоните по бесплатному номеру телефона, указанному на вашей идентификационной карте.

تنبيه: إذا كنت تتحدث **العربية** (Arabic)، فإن خدمات المساعدة اللغوية المجانية متاحة لك. الرجاء الاتصال على رقم الهاتف المجاني الموجود على معرّف العضوية.

ATANSYON: Si w pale Kreyòl ayisyen (Haitian Creole), ou kapab benefisye sèvis ki gratis pou ede w nan lang pa w. Tanpri rele nimewo gratis ki sou kat idantifikasyon w.

ATTENTION : Si vous parlez français (French), des services d'aide linguistique vous sont proposés gratuitement. Veuillez appeler le numéro de téléphone gratuit figurant sur votre carte d'identification.

UWAGA: Jeżeli mówisz po polsku (Polish), udostępniliśmy darmowe usługi tłumacza. Prosimy zadzwonić pod bezpłatny numer telefonu podany na karcie identyfikacyjnej.

ATENÇÃO: Se você fala português (Portuguese), contate o serviço de assistência de idiomas gratuito. Ligue gratuitamente para o número encontrado no seu cartão de identificação.

ATTENZIONE: in caso la lingua parlata sia l'italiano (Italian), sono disponibili servizi di assistenza linguistica gratuiti. Per favore chiamate il numero di telefono verde indicato sulla vostra tessera identificativa.

ACHTUNG: Falls Sie Deutsch (German) sprechen, stehen Ihnen kostenlos sprachliche Hilfsdienstleistungen zur Verfügung. Bitte rufen Sie die gebührenfreie Rufnummer auf der Rückseite Ihres Mitgliedsausweises an.

注意事項：日本語(Japanese)を話される場合、無料の言語支援サービスをご利用いただけます。健康保険証に記載されているフリーダイヤルにお電話ください。

توجه: اگر زبان شما **فارسی** (Farsi) است، خدمات امداد زبانی به طور رایگان در اختیار شما می باشد. لطفا با شماره تلفن رایگانی که روی کارت شناسایی شما قید شده تماس بگیرید.

ध्यान दें: यदि आप  हिंदी (Hindi) बोलते है, आपको भाषा सहायता सेबाएं, नि:शुल्क उपलब्ध हैं। कृपया अपने पहचान पत्र पर सूचीबद्ध टोल-फ्री फोन नंबर पर कॉल करें।

CEEB TOOM: Yog koj hais Lus Hmoob (Hmong), muaj kev pab txhais lus pub dawb rau koj. Thov hu rau tus xov tooj hu deb dawb uas teev muaj nyob rau ntawm koj daim yuaj cim qhia tus kheej.

ចំណាប់អារម្មណ៍: បើសិនអ្នកនិយាយ**ភាសាខ្មែរ**(Khmer)សេវាជំនួយភាសាដោយឥតគិតថ្លៃ គឺមានសំរាប់អ្នក។ សូមទូរស័ព្ទទៅលេខឥតគិតថ្លៃ ដែលមាននៅលើអត្តសញ្ញាណប័ណ្ណរបស់អ្នក។

PAKDAAR: Nu saritaem ti Ilocano (Ilocano), ti serbisyo para ti baddang ti lengguahe nga awanan bayadna, ket sidadaan para kenyam. Maidawat nga awagan iti toll-free a numero ti telepono nga nakalista ayan iti identification card mo.

DÍÍ BAA'ÁKONÍNÍZIN: Diné (Navajo) bizaad bee yániłti'go, saad bee áka'anída'awo'ígíí, t'áá jíík'eh, bee ná'ahóót'i'. T'áá shoodí ninaaltsoos nitł'izí bee nééhozinígíí bine'déé' t'áá jíík'ehgo béésh bee hane'í biká'ígíí bee hodíílnih.

OGOW: Haddii aad ku hadasho Soomaali (Somali), adeegyada taageerada luqadda, oo bilaash ah, ayaad heli kartaa. Fadlan wac lambarka telefonka khadka bilaashka ee ku yaalla kaarkaaga aqoonsiga.

# UnitedHealthcare® Designation of Authorized Representative

| Member Name (please print) | | Date of Birth | Member ID number | |
|---|---|---|---|---|
| | | | | |
| Member's Street Address | | City | State | Phone |
| | | | | |
| Name of Individual/Company/Law Firm being designated as the authorized representative | | | | |
| | | | | |
| Designated Representative's Address | | City | State | Phone |
| | | | | |
| Provider of Service | | | | |
| | | | | |
| Date(s) of Service or Proposed Service | | | | |
| | | | | |

I, _____, do hereby name
     Print the name of the member who is receiving the service or supply

_____

     Print the name of the person who is being authorized to act on the member's behalf
to act as my authorized representative in requesting (check all that apply)
    ⬤ a complaint   ⬤ an appeal   ⬤ documents
from UnitedHealthcare regarding the above-noted service or proposed service.

I understand and agree that:
- This authorization is voluntary;
- my health information may contain information created by other persons or entities including health care providers and may contain medical, pharmacy, dental, vision, mental health, substance abuse, HIV/AIDS, psychotherapy, reproductive, communicable disease and health care program information:
- I may not be denied treatment, payment for health care services, or enrollment or eligibility for health care benefits if I do not sign this form;
- my health information may be subject to re-disclosure by the recipient, and if the recipient is not a health plan or health care provider, the information may no longer be protected by the federal privacy regulation;
- this authorization will expire one year from the date I sign the authorization. I may revoke this authorization at any time by notifying UnitedHealthcare in writing; however, the revocation will not have an effect on any actions taken prior to the date my revocation is received and processed.

| Signature of Member | Date |
|---|---|
| | |

| If person signing this authorization is not the member, describe relationship to the Member(i.e. Parent, Legal Representative) |
|---|
| |

Legal Representatives signing this authorization on behalf of a member must furnish a copy of a health care power of attorney, or other relevant document that grants the applicable legal authority



UnitedHealthcare®
P.O. Box 30573, Salt Lake City, UT 84130-0573

09/13/2017

CHRISTIAN MCCLAIN

RIO RANCHO, NM 87124

RE:  ROCKY MOUNTAIN HOLDINGS, LLC
DATE(S) OF SERVICE:          03/12/2017

Dear Member or Provider:

You are not required to respond to this letter.  This is an acknowledgement that we received an appeal request or a request sent on your behalf in the Central Escalation Unit.

If your request qualifies for an appeal, grievance or complaint, we will complete our review and send you a letter about our decision within the required timeframe consistent with pertinent state or federal regulatory requirements.  All other requests will be handled as normal course of business.



We want to make decisions about our customers' requests based on complete information.  If, however, you, or a representative has any information that might help us in our review of this request, please fax it to UnitedHealthcare Appeals Unit at 801-938-2109 or send the information as soon as possible to:

> UnitedHealthcare Central Escalation Unit
> ATTN:  Appeals
> 4316 Rice Lake Road
> Duluth, MN 55811

If the request you have submitted does not qualify for an appeal, grievance or complaint, we will forward the issue to another unit for review.

You may request verbal translation of this letter into a non-English language.  In order to request language translation, please call the Customer Care phone number on the back of the member ID card, or send your request to:

> UnitedHealthcare Central Escalation Unit

ATTN: Language Translation
4316 Rice Lake Road
Duluth, MN 55811

If you have any questions, or need additional information about our request, please call Eric
Breitzmann at 1-866-842-9268 or at the number listed on the back of the UnitedHealthcare
member ID card or write to the Duluth, MN address above.

We want to help you make the most of your health plan benefits. For personalized benefits
information, claim status, the latest health information and more, visit www.MyUHC.com.

Sincerely,

Resolving Analyst
UnitedHealthcare
Central Escalation Unit

## SPECIAL NOTICES

ATTENTION Members of self-funded ERISA employee benefit plans administered by
UnitedHealthcare: *The plan under which you are covered is a self-funded Group Employee
Welfare Benefit Plan governed by ERISA (Employee Retirement Income Security Act of 1974).
This plan is not subject to state insurance law. UnitedHealthcare provides administrative and
claim payment services to the plan. UnitedHealthcare is not the insurer for this plan. You may
have the right to file civil action under ERISA.*



UnitedHealthcare
P.O. Box 30573, Salt Lake City, UT 84130-0573

January 22, 2018

CHRISTIAN MCCLAIN
██████████████

RIO RANCHO NM 87124


| | |
|---|---|
| INSURER: | UNITEDHEALTHCARE INSURANCE COMPANY |
| CLAIM AMOUNT: | $64,999.00 |
| PRODUCT: | POS - POINT OF SERVICE |
| TRANSACTION#: | W3252035001 |
| PLAN: | AERSALE, INC. |
| PLAN #: | ████████ |
| SUBSCRIBER: | CHRISTIAN MCCLAIN |
| ID #: | ████████ |
| PATIENT: | CHRISTIAN MCCLAIN |
| PROVIDER NAME: | ROCKY MOUNTAIN HOLDINGS |
| SERVICE DATE(S): | MARCH 12, 2017 |

DETERMINATION: UPHELD

Dear Christian McClain:

We reviewed the appeal regarding coverage of the services that you received from Rocky Mountain Holdings. We understand the appeal to state that these services should be eligible for additional reimbursement because our allowable is too low. During our review, we considered all the supporting information we have received to date.

We make decisions about payment based on your Benefit Plan and any information we receive as part of an appeal. Coverage is subject to the covered benefits and exclusions, limitations and other terms of your Benefit Plan. The name of the Benefit Plan specific to your coverage can be found on your UnitedHealthcare ID card.

Based on our review, according to your Benefit Plan, this request for payment was processed correctly.

This service(s), when received from an out-of-network provider, is covered at 80% of eligible expenses after you meet your deductible.

Your plan features an annual out-of-pocket maximum. Once the out-of-pocket maximum is reached, all qualified medical expenses are covered at 100% for the remainder of the year.

You met your out-of-pocket maximum prior to the processing of this claim. Therefore, the claim was paid at 100% of qualified medical expenses instead of 80%.

Maximum Non-Network Reimbursement Program (MNRP) is a program used to reimburse non-network physicians, facilities and other health care providers. MNRP uses rates and methodologies established by Medicare and replaces Reasonable and Customary (R&C) processing for plans that utilize MNRP. This program uses the Centers for Medicare and Medicaid Services (CMS) Fee Schedules.

Non-network physicians, other health care providers and facilities are free to set their prices for the services they provide. UnitedHealthcare has no control over these billed charges or annual increases. These increases can have a significant impact on the costs for our customers over time.

Your plan defines eligible expenses as the amount that the plan will pay for covered health services incurred while the policy is in effect, and are determined as stated below.

When covered health services are received from non-network providers, eligible expenses are determined, based on the following applicable criteria, to the extent available, in the order of priority identified below.

1. Fee(s) that are negotiated with the provider; or
2. 350% of the available published rates allowed by Medicare for the same or similar service within the geographic market ; or
3. A fee schedule that we develop; or
4. 50% of the billed charge.

UnitedHealthcare is the Claims Administrator for your plan. We provide claim administration services for the Plan. UnitedHealthcare has the discretion and authority to determine, on behalf of AerSale, Inc., whether a treatment or supply is a covered health service and how the eligible expense will be determined and otherwise covered under the Plan.

The Plan Administrator has delegated to UnitedHealthcare the right to interpret and administer provisions of your Plan. The Claims Administrator's decisions are conclusive and binding.

Although the appeal letter raised a number of issues, this letter is to specifically address issues concerning the above-mentioned patient, provider, and date(s) of service. We will send a separate letter concerning any additional issues.

Please accept our sincere apology for any frustration as we have worked to resolve your case. Our goal is to provide the highest level of customer service possible, and we expect that from all of our employees. We appreciate that this matter was brought to our attention.

Because the claim(s) for this service(s) was processed according to the above plan provision(s), our original determination remains unchanged, and the determination is upheld. Our administrative decision does not reflect any view about the appropriateness of this service(s). Only you and your provider can make decisions about your care.

**You have the right to send additional information in support of your position in any further levels of appeal available to you.**

Please see the attached pages for what you can do next if you disagree with our decision. This appeal is not a medical decision.

A UnitedHealthcare resolving analyst reviewed your appeal. If you have any questions about this review, please call us toll-free at the toll-free member number listed on your health plan ID card (TTY 711).

Sincerely,

Suresh A.
Resolving Analyst

**cc:    Rocky Mountain Holdings**

**Air Methods**

Air Medical Transport Services provided by Air Methods Corporation

**DEFENDERS OF TOMORROW™**

January 30, 2018

**Reference Number: 17-50106**
**Date of Service: 03/12/2017**

Dear Christian Mcclain:

We understand this can be a difficult time but we want you to know we are here for you.

(855) 896-9067
CustomerCare@airmethods.com
Hours: M-F 6a-5p PST
www.airmethods.com

We are sending you this packet to aid in the processing of your claim for your air medical transport services. In this packet you will find the following documents that require your attention:

- **Notice of Privacy Practices** explains how your medical information can be used or disclosed and how you can get access to this information. It is important that you review this document carefully to understand your rights.

- **Assignment of Benefits (AOB)** requires your signature so we can bill, appeal, and act as your representative to secure payment from your insurance.



**Next Steps:**
Please sign and return the **Assignment of Benefits** Form in the enclosed self-addressed envelope promptly. We truly appreciate your time and attention to these important documents.

If you have any questions, please contact one of our Patient Advocates by phone (855) 896-9067 or by email at CustomerCare@airmethods.com.

931EXLNET03GCINFOPKT

**Do not send correspondence to this address.**

EXLNET03
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED



Important Information Enclosed

◄-----DO NOT SEND PAYMENTS --OR--
CORRESPONDENCE TO THIS ADDRESS!

GCINFOPKT      636596396

Christian Mcclain

Arlington TX 76016-5332





Air Medical Transport Services provided by Air Methods Corporation

**DEFENDERS** OF **TOMORROW**˙

 **Frequently Asked Questions**

## Who is Air Methods?

Air Methods is the country's leading air ambulance provider. We provide emergency medical care and deliver patients to hospital partners, like the one where you received care. Air Methods includes several air ambulance companies operating under our umbrella such as the one that transported you.

## What does Air Methods do for me?

Along with transporting you, our Teammates will work with the treating hospitals and you to obtain and bill your insurance plan. Upon completion of the insurance billing process, our dedicated team of Patient Advocates and Financial Counselors will continue to work with you to resolve any outstanding balance

## What can I expect during this process?

Every patient is unique and the billing process varies. Our mission is to work with each patient individually to resolve each account as quickly as possible.

## How do I contact Air Methods?

You can contact us for the various reasons below:

* If you have no insurance, call (888) 636-4438
* If you have insurance questions, call (855) 896-9067

## What kinds of insurance do you work with?

We often work with health insurance, auto insurance, worker's compensation, travel, indemnity and other insurance.

## What if I don't have insurance?

We have a team of Patient Financial Counselors who are here to help. We understand that every patient's individual financial circumstances are unique and our Patient Financial Counselors can discuss your options with you. Please call (888) 636-4438 to speak with a Patient Financial Counselor today.

## Glossary of Terms

* **Claim:** A request for payment that you or your health care provider submits to your health insurer when you get items or services you think are covered.

* **Designation of Representation (DOR):** The Designation of Representation (DOR) form allows you to designate an individual to represent you on a specific appealed claim.

* **Explanation of Benefits (EOB):** A statement sent by your health insurance company to covered individuals explaining what services were paid for on their behalf.

* **Third Party Liability (TPL):** Refers to insurance that provides protection against liability caused by accidental injury of death of other persons. Examples of liability insurance are homeowners insurance, uninsured and underinsured motorist insurance, bodily injury protection, casualty and umbrella policies, wrongful death benefits, or professional liability.

* **Assignment of Benefits (AOB):** Allows provider to bill, appeal, and act as your representative to secure payment from your insurance.

* **HIPAA Notice (Notice of Privacy Practices):** Explains how your medical information can be used or disclosed and how you can get access to this information.

* **Reference Number:** Unique number used to retrieve your account information.

* **Insurance Questionnaire:** Form is used to provide all insurance information to provider.



For any further questions, contact us at:

☎ (855) 896-9067

CustomerCare@airmethods.com

To learn more about Air Methods, please visit **www.airmethods.com/patients/faqs**



Air Medical Transport Services provided by Air Methods Corporation

**DEFENDERS OF TOMORROW**

**Air Methods Corporation**
**Notice of Privacy Practices**

**THIS NOTICE DESCRIBES HOW MEDICAL INFORMATION ABOUT YOU MAY BE USED AND DISCLOSED AND HOW YOU CAN GET ACCESS TO THIS INFORMATION. PLEASE REVIEW IT CAREFULLY.**

Air Methods Corporation is required by law to maintain the privacy of certain confidential health care information (known as Protected Health Information or, "PHI"), to provide you and other individuals with a notice of our legal duties and privacy practices with respect to your PHI, and to notify affected individuals following a breach of unsecured PHI. Air Methods Corporation is also required to abide by the terms of the version of this notice currently in effect. Your PHI may be stored electronically and is subject to electronic disclosure.

*Uses and Disclosures of PHI:* Air Methods Corporation may use and disclose PHI for the purposes of treatment, payment and health care operations. Examples of these uses and disclosures are below.

For treatment: We may use and disclose your PHI to provide you with our services. This includes such things as obtaining information about your medical condition and treatment from you as well as from others, such as doctors and nurses who give orders to allow us to provide treatment to you. We may give your PHI to other health care providers involved in your treatment, and may transfer your PHI to the hospital or dispatch center.

For payment: We may use and disclose your PHI in order to get reimbursed for the services we provide to you, including such activities as submitting bills to insurance companies, making medical necessity determinations and collecting on outstanding accounts. We may provide PHI to entities that help us submit bills and collect amounts owed, such as a collection agency. We may also disclose PHI to other providers who treat you for their own payment purposes.

For health care operations: We may use and disclose your health information for operational purposes. This includes quality assurance activities, licensing, and training programs to ensure that our personnel meet our standards of care and follow established policies and procedures, as well as certain other management functions. In certain situations, we may also disclose PHI to other providers who treat you for their own health care operations.

Health Information Exchange. We may participate in one or more health information exchanges and may use and disclose your PHI through these exchanges for certain purposes described in this notice. For example, we may obtain your information from other participants in a health information exchange that have treated you in order to coordinate your care. We may use a health information exchange to obtain information for payment for the care you receive. We may disclose your health information to an electronic health information registry to report certain diseases or for other public health purposes.

*Other Uses and Disclosures of PHI Without Your Authorization.* Air Methods Corporation may use and disclose PHI without your written authorization as follows:

- We may disclose your PHI as required by law. For example, we are required to disclose information about you to the U.S. Department of Health and Human Services if it requests such information to determine that we are complying with federal privacy law.

- We may disclose PHI to a family member, other relative, or close personal friend or other individual involved in your care or payment for your care if we obtain your verbal agreement to do so or if we give you an opportunity to object to such a disclosure and you do not raise an objection. We may also disclose PHI to disaster relief agencies to assist them in notifying those involved in your care of your location and general condition. If you are not present, you are incapacitated, or there is an emergency, we may, using our professional judgment, determine that it is in your best interests for us to disclose PHI that is directly relevant to the person's involvement with your care.

- We may use and disclose your PHI for public health activities such as assisting public health authorities to prevent or control disease, injury or disability, reporting reactions to medications or problems with products, enabling product recalls, repairs or replacements to the FDA and conducting post marketing surveillance.

531EXLNE103SFINFOPKT

 **Air Methods**®

Air Medical Transport Services provided by Air Methods Corporation

**DEFENDERS OF TOMORROW**™

*The right to amend your PHI*: You have the right to ask us to amend written medical information that we may have about you. We will generally amend your information within 60 days of your request and will notify you when we have amended the information. We may deny your request to amend your medical information only in certain circumstances, like when we believe the record you have asked us to amend is complete and accurate. If you wish to request that we amend the medical information that we have about you, you should contact our privacy officer at the address listed at the end of this notice.

*The right to request an accounting*: You may request an accounting (a list) from us of certain disclosures of your PHI that we have made in the six years prior to the date of your request. We are not required to give you an accounting of disclosures for purposes of treatment, payment or health care operations, or for disclosures you authorize. If you wish to request an accounting, contact our privacy officer at the address at the end of this notice.

*The right to request that we restrict the uses and disclosures of your PHI*: You have the right to request restrictions on our use or disclosure of your PHI for purposes of treatment, payment or health care operations. Your request must state the specific restriction and to whom you want the restriction to apply. We are not required to agree to those restrictions, unless the disclosure is to a health plan for a payment or health care operation purpose and is not otherwise required by law, and the PHI relates solely to a health care item or service for which we have been paid out-of-pocket in full. If you wish to request a restriction, contact our privacy officer at the address at the end of this notice.

If you have given another individual a medical power of attorney, or if another individual is appointed as your legal guardian or is authorized by law to act on your behalf, that individual may exercise any of the rights listed above for you. We will confirm this individual has the authority to act on your behalf before we take any action.

*Internet, Electronic Mail, and the Right to Obtain Copy if Paper Notice on Request*: If we maintain a website, we will prominently post a copy of this Notice on our website. If you allow us, we may forward you this Notice by electronic mail instead of on paper. You may always request a paper copy of the Notice, even if you have previously agreed to receive an electronic copy.

*Revisions to the Notice*: Air Methods Corporation reserves the right to change the terms of this Notice at any time, and the changes will be effective immediately and will apply to all protected health information that we maintain. Any material changes to the Notice will be promptly posted to our website, if we maintain one. You can get a copy of the latest version of this Notice by contacting our privacy officer.

*Your Legal Rights and Complaints*: You also have the right to complain to us, or to the Secretary of the United States Department of Health and Human Services, if you believe your privacy rights have been violated. You will not be retaliated against in any way for filing a complaint with us or to the government. Should you have any questions, comments or complaints you may direct all inquiries to our privacy officer at the address listed below.

*Privacy Officer Contact Information*:

Alan Einisman, VP & Chief Compliance Officer
Air Methods Corporation
7211 South Peoria
Englewood, Colorado 80112-4133



*Effective Date of the notice*: October 2, 2017

For questions about this notice please call Alan Einisman at (303) 749-2856 or toll free at (800) 433-3555. You may also e-mail Alan at Alan.Einisman@airmethods.com.

For questions about your account, please call our Patient Advocates at (855) 896-9067.

23467081.1

All communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, must be sent to PO Box 2532, Fontana CA 92334-2532.

931EXLNET03SPINFOPKT



Air Medical Transport Services provided by Air Methods Corporation

## Assignment of Benefits (AOB)

**DEFENDERS OF TOMORROW**

Please fill out all fields and return in the enclosed postage paid envelope.
For help on filling out the form, contact us at:

**Reference Number: 17-50106**
**Date of Service: 03/12/2017**

 (855) 896-9067

 CustomerCare@airmethods.com

### ASSIGNMENT OF BENEFITS
### ***REQUIRED FOR INSURANCE BILLING***

**RELEASE OF INFORMATION** I agree to allow Air Methods Corp., its agents and any of its associated companies (together, "Provider") to share any part of my medical record or other information needed for billing and payment for services delivered by Provider, now or in the future, to any financially responsible party, including: the Centers for Medicare and Medicaid Services (CMS), their agents, Worker's Compensation carriers, health or liability insurers, and any other insurance organization or billing agent (together, "Insurer"). I agree to allow anyone with medical and billing information about me to release to Provider or Insurer any information necessary for billing and payment purposes. I agree a copy of this form may be used instead of the original.

**ASSIGNMENT OF BENEFITS & RIGHTS** I agree to allow and request any Insurers to directly, immediately and exclusively pay Provider the proceeds of my benefits up to the full amount of Provider's charges for services delivered now or in the future. I assign to Provider all of my rights and interest in all such insurance benefits or proceeds for services delivered by Provider, including the rights to: (1) request and receive any documents or information from any entity or person, including those governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), to the full extent of my rights; (2) appeal any denial or underpayment of benefits or coverage; (3) pursue any legal remedies in any forum and get all available relief (monetary or equitable), including applying all ERISA provisions. These rights assigned to Provider are assigned completely, without any limitations or reservations.

**FINANCIAL RESPONSIBILITY** I will cooperate with any efforts by Provider to maximize payment of my insurance benefits and minimize my personal financial responsibility. I agree to allow Provider to be my advocate throughout the billing process to help resolve my claim as quickly as possible. If I receive payment from an Insurer for Provider's services, I agree to promptly send such payment to Provider. I understand that many Insurers will only pay for services that meet certain coverage requirements, such as medical necessity. If my Insurer denies or underpays Provider's charges for any reason, or if I have no Insurance, I accept direct financial responsibility for any unpaid charges.

**COLLECTIONS & TELEPHONE CONSENT** I agree to allow Provider to: (1) use pre-recorded or artificial voice messages, or an automatic telephone dialing system, to contact me at the telephone number provided below, which may be a wireless or cell phone number; (2) leave answering machine or voice mail messages for me, and include in any such messages information required by law (including debt collection laws) or other information about amounts I owe; (3) send text messages or e-mails to the telephone number and e-mail address provided below about unpaid balances or other billing issues. I also agree to allow Provider to get a credit report to help collect unpaid balances.

**I have read this information and I am the patient, the patient's legal representative or authorized by the patient as the patient's agent to sign this Assignment of Benefits and to accept its terms.**

Mark the Appropriate Box and Sign Below:
Signer below is the: ☐ **Patient** ☐ **Insurance Policy Holder** ☐ **Power of Attorney**

Signature: _____     Date: ___/___/___

Printed Name of Signer: _____     Relationship to Patient: _____

Patient Name (if not signer above): _____     Patient Date of Birth: ___/___/___

Last four digits of Patient's Social: _____ Phone: _____ Email: _____



931EXLNET035PINFOPKT

Air Medical Transport Services provided by Air Methods Corporation

**Do not send correspondence to this address.**
EXLNET03
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

**DEFENDERS OF TOMORROW™**

**Reference Number: 17-50106**
**Date of Service: 03/12/2017**

March 1, 2018

(888) 636-4438
CSAdmin@airmethods.com
Hours: M-F 6a-5p PST
www.airmethods.com

INVFIN        665232907
հղվ|||հղվ|մ|վ|վ|վ|վ|վ|մ|մ|մ|մ|լ|մ|||վ|մ|վ|վ
Christian Mcclain

Arlington TX 76016-5332

**PAYMENT OPTIONS**

 Pay by phone: (888) 636-4438

 Pay by mail: to the address below

Pay online: patientportal.airmethods.com



# FINAL NOTICE

You are here

| Base Charges $28,624.64 | + | Mileage Charges $36,374.36 | = | Billed Amount $64,999.00 | − | Insurance Paid $26,744.73 | = | Outstanding Balance $38,254.27 |

Dear  Christian Mcclain:

We need your assistance in resolving your account. Please allow us a final opportunity to review the many options we have available to assist you based on your specific financial need. It is urgent that you contact one of our Patient Financial Counselors at (888) 636-4438 prior to this due date to avoid your account being sent to a collection agency.

Respond by
**March 11, 2018**

Sincerely,

Your Advocate

932EXLNET03INVFIN

------------------------------------------------------------

***Please return this portion with your payment***

| PATIENT NAME Christian Mcclain | | | AMOUNT DUE $38,254.27 |
|---|---|---|---|
| REFERENCE NUMBER 17-50106 | DATE OF SERVICE 03/12/2017 | STATEMENT DATE 03/01/2018 | AMOUNT ENCLOSED $ |

**▼ PLEASE MAKE CHECKS PAYABLE TO ▼**

**Rocky Mountain Holdings LLC**
PO Box 713375
Cincinnati, OH 45271-3375

| Card number | | CVV Code | VISA ☐ |
|---|---|---|---|
| Cardholder Name | | EXP. Date / | ☐ |
| Cardholder Signature | | Amount $ | DISCOVER ☐ |

All communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, must be sent to PO Box 2532, Fontana CA 92334-2532.

**Air Methods**®

DEFENDERS ᴏꜰ TOMORROW™

## AUTHORIZATION TO USE AND DISCLOSE HEALTH INFORMATION

Patient Name: Christian Mcclain

Date of Birth: 1955-03-23 Address: ▮▮▮▮▮▮▮▮▮▮   Rio Rancho NM 87124-4339

I authorize Air Methods Corporation and any subsidiary or affiliate of Air Methods Corporation, as well as any representative of such entity (collectively, "Air Methods"), to use and disclose my health information as described in this form.

1.    **Specific description of the health information:** Air Methods may use and disclose my first and last name and the following information relating to the services provided to me: the date and location of the services provided to me; demographic information; clinical information such as my diagnosis or condition leading to services provided by Air Methods; billing and account related information, including information regarding resolution of my account; and any information I provided to Air Methods regarding my air medical transport or the reimbursement paid by my insurer—whether in the form of a letter, phone call or otherwise.

2.    **Persons/classes of persons/organizations authorized to receive the health information:** Air Methods may use and disclose the information specified in Section 1 for the purposes described in this form. Air Methods may include this information in its own or third party printed or electronic publications or presentations or to correspondence with government representatives or public officials. Any person or entity who receives these items or accesses such publications or correspondence may also obtain this information about me.

3.    **Purpose of the use or disclosure:** My information described in Section 1 may be used and disclosed for publication in various media, including correspondence with public officials or government representatives, newspaper or magazine articles, television or radio broadcasts, or other similar media.

4.    **Remuneration:** Air Methods will not receive payment from a third party for obtaining this authorization or engaging in the marketing communications described above.

5.    **Right to Revoke:** I understand that I have the right to revoke this authorization in writing at any time subject to the exceptions stated below. To revoke this authorization, I understand that I must make my request in writing and clearly state that I am revoking this specific authorization. In addition, I must sign my request and then mail or deliver my request to: HIPAA Privacy Officer, Air Methods Corporation, 7301 South Peoria St, Englewood, CO 80112.

6.    **Exceptions To Right of Revocation:** I understand that my written revocation will not affect any uses or disclosures that Air Methods may have made before my revocation was received. For example, any printed materials of Air Methods or of a third party that contain my information may continue to circulate.

7.    **Expiration Date/Event:** I understand that this authorization will expire one (1) year from the date that I sign it, except that Air Methods may continue to use and disclose any of my information that is contained in materials created by Air Methods as a result of this authorization for the purposes described above for as long as these items exist.

8.    **Prohibitions on Conditions:** Air Methods will not condition treatment, payment, enrollment in a health plan or eligibility for benefits on my signing this form.

9.    **Miscellaneous:** I understand that I have no obligation to sign this authorization. Any of my information released pursuant to this authorization may be redisclosed and may be no longer protected by federal privacy regulations if the recipient is not required to comply with federal privacy regulations. I will receive a copy of this form once signed.

Signed this _____ day of _____, 20__.

Printed name: _____

Signature: _____

If applicable (if signed by a personal representative, parent or legal guardian instead of the patient):

Printed name of patient's representative, parent or legal guardian: _____

Basis of representative's authority to act for patient: _____

**Air Methods**

Air Medical Transport Services provided by Air Methods Corporation

**Do not send correspondence to this address.**
EXLNET03
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

**DEFENDERS OF TOMORROW™**

Reference Number: 19-17252
Date of Service: 01/31/2019

December 3, 2019

(800) 964-9544
CSAdmin@airmethods.com
Hours: M-F 6:00am-4:30pm PT
www.airmethods.com

INV02      418483425

Charles Kiser
Kiser, Charles

Tryon OK 74875-7776

**PAYMENT OPTIONS**

☎  Pay by phone: (800) 964-9544

✉  Pay by mail: to the address below

🖰  Pay online: patientportal.airmethods.com





You are here

| Base Charges $31,668.53 | + | Mileage Charges $38,330.47 | = | Billed Amount $69,999.00 | - | Insurance Paid $8,518.88 | = | Outstanding Balance $61,480.12 |

Dear Charles Kiser:

We need your assistance in resolving your claim. A letter was sent to inform you that your insurance has processed the claim and/or you have an outstanding balance. We haven't heard from you but we need your help! Please contact a Patient Financial Counselor to discuss any remaining charges. We can review the many options available to meet your specific financial needs. We are here to assist you Monday through Friday from 6:00 am to 4:30 pm PST at (800) 964-9544. We look forward to assisting you.

Sincerely,

Your Advocate

932EXLNET03INV02

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

***Please return this portion with your payment***

| PATIENT NAME | | | AMOUNT DUE |
|---|---|---|---|
| Charles Kiser | | | $61,480.12 |
| REFERENCE NUMBER | DATE OF SERVICE | STATEMENT DATE | AMOUNT ENCLOSED |
| 19-17252 | 01/31/2019 | 12/03/2019 | $_____ |

**▼ PLEASE MAKE CHECKS PAYABLE TO ▼**

**Rocky Mountain Holdings LLC**
PO Box 713375
Cincinnati, OH 45271-3375

| Card number | | CVV Code | VISA ☐ |
|---|---|---|---|
| Cardholder Name | | EXP. Date / | ☐ |
| Cardholder Signature | | Amount $ | ☐ DISCOVER ☐ |

All communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, must be sent to PO Box 2532, Fontana CA 92334-2532.

 INSURANCE MANAGEMENT SERVICES



- Home
- Security »
- Help »

Log Off

**Current User: CharlieKiser**

## Claim Detail

| | |
|---|---|
| **Group #/Name:** | S566436 / VENABLES CONSTRUCTION INC |
| **Division Number/Name:** | 005 / VENABLES CONSTRUCTION - CIGNA |
| **Patient Name:** | CHARLES  KISER |
| **Date of Service Range:** | 01/20/2019  - 03/19/2020 |
| **Primary SSN:** | xxx-xx-x602 |

Contact Us about This Claim

Return to Claim Summary

EOB/Checks

Click here to download Adobe Acrobat Reader

**Cert #
:**   0027

| Date of Service | | Provider Name | | | Ttl. Chg. | Ttl. Amt. Pd. | Last Pmt. Date | Status | Document# |
|---|---|---|---|---|---|---|---|---|---|
| 01/31/2019 - 01/31/2019 | | ROCKY MOUNTAIN HOLDINGS | | | $69,999.00 | $8,518.88 | 07/18/2019 | Complete | 1904901058 |

| Status | Date of Service | Chg. Amt. | Inelg. Amt. | Message | Contract Discount | Ded. Amt. | Co-Pay Amt. | Patient Coins. | Paid Amt. |
|---|---|---|---|---|---|---|---|---|---|
| Complete | 01/31/2019 | $38,330.47 | $0.00 | CMS* | $35,342.47 | $0.00 | $0.00 | $0.00 | $2,988.00 |
| Complete | 01/31/2019 | $31,668.53 | $0.00 | CMS* | $26,137.65 | $0.00 | $0.00 | $0.00 | $5,530.88 |

| Date | Amt. | Payee | | EOB# | | Check Clear Date | |
|---|---|---|---|---|---|---|---|
| 07/18/2019 | $8,518.88 | ROCKY MOUNTAIN HOLDINGS | | 7072 | 20190711-409 | 09/13/2019 | |

Dear Insurance Management Services

Re.:    Rocky Mountain Holdings

Document # 1904901058

Date of Accident 01.31.2019

For an air ambulance transport on January 31st 2019, I was billed $69,999.  You only paid $8,518.88 leaving me with out-of-pocket costs of $61,480.12.  Your payment does not comply with your duties under the policy. I do not understand why I am left with such a large bill when I did not have the opportunity to choose an air ambulance provider. The air ambulance service and the circumstances necessitating the air ambulance service were outside of my control. Please re-evaluate the claim and increase your payment to the amount you are required to pay.  You should also contact the air ambulance company directly to attempt to secure a reduction in the amount I owe.

Sincerely,

Charles Kiser